UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

UNITED STATES OF AMERICA,           **MEMORANDUM AND ORDER**
                                                         90-CR-1019 (RPK)
        v.

TUNG TRAN,

           Defendant.

-----------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

Defendant Tung Tran, convicted of seventeen felonies including murder, kidnapping, and extortion, moves for compassionate release. *See* Mot. to Reduce Sentence Pursuant to the First Step Act ("Def.'s Mot.") (Dkt. #609) (ECF pagination). This is Mr. Tran's second time seeking such relief. *See* Mot. for Relief Under the First Step Act and Compassionate Release (Dkt. #562). This Court denied Mr. Tran's first request in October 2022. *See* Memorandum & Order ("M&O") (Dkt. #576). Mr. Tran's arguments for compassionate relief this time largely mirror his arguments from last time, though he has bolstered his application with several new letters of support and educational certificates. Despite these additions, however, Mr. Tran's motion is denied for the reasons set forth below.

## BACKGROUND

On April 15, 1992, a jury found Mr. Tran guilty of seventeen felonies, including murder, kidnapping, extortion, racketeering, interference with commerce by threats or violence, and conspiracy to commit murder, kidnapping, extortion, racketeering, and interference with commerce by threats or violence. *See* Jury Verdict (Dkt. #16); Presentence Investigation Report 1B ("PSR"). Mr. Tran was an active member of the Queens-based Green Dragon gang, which

1

(among other things) preyed on Asian-owned businesses in Flushing and Elmhurst. PSR ¶¶ 24, 48–49. Over the course of several years, Mr. Tran executed the owner of a local restaurant, *id.* ¶ 32, abducted and murdered a witness and her boyfriend, *id.* ¶¶ 37–40; *United States v. Wong*, 40 F.3d 1347, 1374 (2d Cir. 1994), participated in the murder of a rival gang member, PSR ¶ 43, and raped a woman at knifepoint during the robbery of a mahjong game, *id.* ¶ 45. He also extorted numerous businesses, *id.* ¶¶ 48–57, and planned an assault on a rival gang, *id.* ¶¶ 58–59. Mr. Tran was convicted and sentenced to life in prison for his crimes, as called for by the Sentencing Guidelines. Am. J. 3 (Dkt. #254). Since his incarceration, Mr. Tran has incurred thirty disciplinary infractions for misconduct ranging from drug use to possession of a deadly weapon. *See* Bureau of Prisons Disciplinary Rs. 2–11 (Dkt. #610-1) (ECF pagination).

In May 2022, Mr. Tran moved for a reduction of his sentence. *See* Mot. for Relief Under the First Step Act and Compassionate Release. The Court denied the motion. *See* M&O. Mr. Tran now makes his second request for compassionate release, which the government opposes. *See* Def.'s Mot; Gov't Resp. (Dkt. #610).

**STANDARD OF REVIEW**

Under 18 U.S.C. § 3582(c)(1)(A), a defendant may "move for a reduction in sentence, up to and including release from prison, in federal district court after satisfying a statutory exhaustion requirement." *United States v. Jones*, 17 F.4th 371, 373–74 (2d Cir. 2021) (per curiam). A district court's analysis of such a motion has two steps. First, before reducing a term of imprisonment, "a district court must 'find that extraordinary and compelling reasons warrant such a reduction.'" *Id.* at 374 (citation modified) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Such reasons "are necessary— but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)." *Ibid.* Second, if such reasons exist, the court must consider "'the factors set forth in [18 U.S.C. §] 3553(a) to the extent

2

that they are applicable' before it can reduce the defendant's sentence." *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)). Even if extraordinary and compelling circumstances exist, "a district court's 'reasonable evaluation of the Section 3553(a) factors' is 'an alternative and independent basis for denial of compassionate release.'" *Ibid.* (quoting *United States v. Robinson*, 848 F. App'x 477, 478 (2d Cir. 2021)). As the moving party, the defendant bears the burden of showing that the circumstances merit relief. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992); *United States v. Resnick*, 451 F. Supp. 3d 262, 266 (S.D.N.Y. 2020).

## DISCUSSION

Mr. Tran's motion is denied. He has not provided any "extraordinary and compelling reasons" that justify a sentence reduction, 18 U.S.C. § 3582(c)(1)(A)(i), and in any event, the Section 3553(a) factors counsel against any such reduction.

Mr. Tran's new motion for compassionate release largely overlaps with his previous one. He originally argued that (1) his relative youth at the time of his criminal activity weighed in favor of compassionate release; (2) the Covid-19 pandemic justified a sentence reduction; (3) his sentence violated the Eighth Amendment; (4) compassionate release was warranted because he was sentenced before the Sentencing Guidelines became advisory; (5) there was a disparity between his sentence and some of his codefendants' sentences; and (6) the Section 3553(a) factors supported an early release. *See* M&O 4–10. Mr. Tran now renews each of these arguments, except for the one based on Covid-19. *See generally* Def.'s Mot. The Court rejects them for the same reasons that it did so in its previous Memorandum & Order. *See* M&O 4–10.

To be sure, Mr. Tran has submitted more evidence of rehabilitation this go around. He obtained his GED, completed several educational courses, and submitted three letters of support on his behalf—two from fellow inmates and one from his sister. *See* Def.'s Mot. 31–56; Character

3

Letter from Tong Moua ("Moua Letter") (Dkt. #612); Character Letter from Mark Dencklau ("Dencklau Letter") (Dkt. #611); Character Letter from Thamh Hong Tran (Dkt. #614).  The Court commends Mr. Tran on his progress.  But his application for compassionate release still falls short.

Courts in this circuit routinely find that even more impressive supporting evidence does not rise to the level of an "extraordinary and compelling reason[]" warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see, e.g.*, *United States v. Peterkin*, No. 05-CR-538-2 (JSR), 2021 WL 1948513, at *2 (S.D.N.Y. May 13, 2021) (defendant worked as a pastor, ran a business while imprisoned, and submitted sixty educational certificates and several letters of support); *United States v. Ramirez*, No. 98-CR-438 (PGG) (SDA), 2021 WL 4150891, at *7 (S.D.N.Y. Sept. 13, 2021) (defendant earned his GED, completed "close to 1,000 hours of rehabilitative programming," worked in skilled trades, received "good monthly work evaluations," and submitted eight letters in support).  The Court is pleased to hear that Mr. Tran has been a positive influence on certain inmates' lives.  *See* Moua Letter 1; Dencklau Letter 1.  But model prison behavior is "expected"—not "extraordinary."  *United States v. Veliu*, No. 17-CR-404-1 (KAM), 2022 WL 2484240, at *5 (E.D.N.Y. July 6, 2022); *see United States v. Garcia*, No. 19-CR-210-1 (CS), 2022 WL 672758, at *2 (S.D.N.Y. Mar. 7, 2022) ("Maintaining good conduct in prison is not uncommon, and indeed is expected."); *United States v. Alvarez*, No. 89-CR-229 (JS), 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020) ("[M]odel prison conduct is expected.").  And Mr. Tran's prison record also contains numerous troubling infractions—such as drug use and weapons possession—albeit of a less recent vintage than his educational progress.  Bureau of Prisons Disciplinary Rs. 2–11; *see United States v. Rivera*, No. 89-CR-346 (LAP), 2021 WL 5235093, at *4 (S.D.N.Y. Nov. 9, 2021) (defendant with "over twenty disciplinary infractions," including possession of dangerous weapons and assault, could not make even a "marginal showing of

4

extraordinary and compelling circumstances"); *United States v. Lewis*, No. 10-CR-392-10 (CS), 2021 WL 1873154, at *2 (S.D.N.Y. May 10, 2021) (defendant's disciplinary record—with eight infractions, including possessing a shank—suggested that he was "not ready to be a law-abiding member of society").

Accordingly, even with the addition of some new evidence suggesting rehabilitation, Mr. Tran has not demonstrated that "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Nor would a sentence reduction for Mr. Tran be warranted based on the Section 3553(a) factors.

## CONCLUSION

Mr. Tran's motion for compassionate release is denied.

SO ORDERED.

                                      /s/ Rachel Kovner
                                      RACHEL P. KOVNER
                                      United States District Judge

Dated: October 27, 2025
        Brooklyn, New York